EL PUEBLO, DEMANDANTE Y APELADO, *v.* CARRASQUILLO ET AL., ACUSADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Humacao, en causa por delito de crueldad con los animales.

No. 1096.—Resuelto en febrero 9, 1917.

SOBRESEIMIENTO DEL PROCESO--TÉRMINO PARA LA CELEBRACIÓN DEL JUICIO.—El término fijado por el inciso 2°. del artículo 448 del Código de Enjuiciamiento Criminal, no se cuenta a partir de la fecha de la detención del acusado, sino de la en que se presentó la acusación, y una simple operación aritmética permite concluir que dicho inciso no es aplicable a este caso, por no haber transcurrido los ciento veinte días fijados en el mismo, computados en la forma indicada.

ID.—TÉRMINO PARA PRESENTAR LA ACUSACIÓN.—No apareciendo, en forma debida, de los autos, la fecha en que fueron detenidos los acusados, no hay términos hábiles para resolver si es aplicable o nó a este caso el inciso primero del artículo 448 del Código de Enjuiciamiento Criminal.

CRUELDAD CON LOS ANIMALES—PELEA DE GALLOS—APUESTAS E INCITACIONES—ESPECTADORES.—El que voluntariamente asiste a una pelea de gallos y hace apuestas e incita a los animales a continuar riñendo, toma parte en el acto ilegal que se realiza y es, por tanto, culpable del delito menos grave previsto

y castigado en la sección 5ª. de la ley para impedir la crueldad con los ani-
males de 10 de marzo de 1904. Tal persona no puede considerarse como un
mero espectador dentro del significado de la jurisprudencia establecida en
*El Pueblo* v. *Ramírez,* 18 D. P. R. 271.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

La acusación formulada por el Fiscal en este caso, dice,
en lo pertinente, así:

"El Fiscal formula acusación contra Antonio Carrasquillo, Bau-
tista de Jesús, José González, Juan Felipe Nieves, Felipe Guzmán,
José Pérez y Porfirio Díaz, por el delito menos grave de infracción
al artículo 5 de la ley aprobada en marzo 10 de 1904 sobre crueldad
con animales, cometido de la manera siguiente: Los citados Antonio
Carrasquillo, Bautista de Jesús, José González, Juan Felipe Nieves,
Felipe Guzmán y Porfirio Díaz y José Pérez en uno de los días del
mes de diciembre de 1915, y en el pueblo de Gurabo, que forma parte
del Distrito Judicial de Humacao, voluntaria, e ilegalmente llevaron
a cabo y tomaron parte en una riña de gallos que se efectuó allí y
entonces."

No consta la fecha en que se presentó la acusación pero
sí aparece que fué jurada por el Fiscal ante el secretario
de la corte el 1 de marzo de 1916.

El día 8 de mayo de 1916 se llamó la causa para juicio
y ocurrió lo que sigue, según consta de la exposición del caso:

"El secretario dió lectura a la acusación y la defensa presentó
una moción, pidiendo el sobreseimiento de este caso, amparándose
para ello en el artículo 448 del Código de Enjuiciamiento Criminal
de Puerto Rico, incisos 1º. y 2º., porque estos acusados fueron detenidos
allá por el día 13 ó 14 del mes de diciembre del año pasado, y sin
haber una causa justificada, después de haber transcurrido el término
que señala este artículo, se trae a juicio.

"El Fiscal se opone a la moción manifestando que del récord
aparece, que por ser el señor Piñero, Delegado a la Cámara se sus-
pendía el asunto.

"Manifiesta el Lcdo. Piñero que aun partiendo de la fecha de la acusación ya habían transcurrido los días que determina la ley. La acusación aparece que fué presentada el veinte y nueve de febrero y los hechos ocurrieron en el mes de diciembre del año pasado. La corte resuelve, que de toda suerte, esta es una cuestión de discreción judicial, las cortes se inclinan siempre a que los casos pendientes ante ellas se resuelvan en sus propios méritos, y no por incidentes que no dañan los derechos de las partes. Es un hecho cierto que el Fiscal sin duda alguna, mal informado, sospechaba que su señoría era abogado de estos acusados, y a mí mismo se me ha hecho la manifestación de que este caso no se podía ver, porque su señoría era abogado. Sin duda alguna ha sido una mala interpretación, pero no aparece que haya habido la intención de perjudicar a los acusados, ni que los acusados hayan sufrido realmente perjuicio alguno, y por estas circunstancias y considerando también, que ante este tribunal ha habido una cantidad de trabajo verdaderamente abrumadora, la corte declara sin lugar la moción.

"Los denunciados por sus abogados toman excepción, y hacen la alegación de inocentes."

El artículo 448 del Código de Enjuiciamiento Criminal invocado, ordena que

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

El inciso segundo no es aplicable. Ya hemos dicho que no consta la fecha exacta en que fué presentada la acusación, pero aceptando que lo fuera el mismo día en que la juró el Fiscal, basta una simple operación aritmética para concluir que desde el 1 de marzo hasta el 8 de mayo de 1916, no había transcurrido el término de ciento veinte días que la ley señala.

Tal vez debió aplicarse el inciso primero. Si los acusados fueron detenidos el 13 o el 14 de diciembre de 1915 y

la acusación no se presentó hasta el 1 de marzo de 1916, otra simple operación aritmética permitiría concluir que entre la fecha de la detención de los acusados y la en que se presentó la acusación mediaron más de los sesenta días fijados por la ley. Sin embargo, como alega el Fiscal, estamos impedidos de considerar este extremo, porque fuera de la manifestación del abogado de los acusados, nada existe en los autos que demuestre la fecha en que fueron detenidos y, según la jurisprudencia establecida en el caso de *El Pueblo* v. *Alsina et al.,* 22 D. P. R. 458, ''cuando de los autos no consta la fecha en que fueron detenidos los acusados, a los efectos de determinar si la corte carecía de jurisdicción para ver y fallar el caso, por haber transcurrido el término legal dentro del cual había de presentarse la acusación, debe presumirse que ésta fué formulada dentro del término de ley.''

Terminada la práctica de la prueba de cargo, se pidió la absolución de los acusados porque los hechos demostrados por ella no eran constitutivos de delito.

La defensa de los acusados sostiene que aun admitiendo que éstos apostaran a los gallos y gritaran mientras los gallos peleaban, ''rómpele el pescuezo'' y ''pícalo gallo,'' no puede concluirse que cometieran hecho alguno constitutivo de delito, citando en apoyo de su teoría la ley y la jurisprudencia en el caso de *El Pueblo* v. *Ramírez,* 18 D. P. R., 271.

La ley aplicable está contenida en la sección 5 de la ley para impedir la crueldad con los animales, de 1904, Comp. de 1911 p. 24. Dice así:

''La persona que iniciare, instigare, promoviere o echare una pelea de gallos, o que realizare algún acto de ayudante, árbitro o principal, o que en forma alguna tomare parte para llevarla a efecto, o ayudare a que tenga lugar dicha riña de gallos o de otras aves, perros, toros u otros animales, habiéndose premeditado dicha riña por el dueño o por el que tuviere bajo su custodia dichas aves o animales, será penada con multa que no exceda de cincuenta dollars o con prisión que no exceda de treinta días, o con ambas penas a discreción de la corte.''

Y la jurisprudencia sentada por esta Corte Suprema en el caso invocado por la defensa estableció que los meros espectadores de una riña de gallos no cometían el delito prescrito y castigado en la ley que hemos transcrito.

Pero en el presente caso, como muy bien resolvió la corte sentenciadora, los acusados no eran meros espectadores. Se les acusó por el Fiscal de haber llevado a cabo y tomado parte en una riña de gallos, que constituye uno de los modos de cometer el delito. "O que en forma alguna tomare parte para llevarla a efecto," expresa la ley, y ¿qué otra cosa puede decirse de personas que asistieron a una jugada de gallos, prohibida por la ley, e hicieron apuestas e incitaron con gritos a los animales que reñían, sino que tomaron parte en el acto? No fueron meros espectadores. Voluntaria e ilegalmente penetraron en el campo de los actores y es natural y justo que sufran las consecuencias de sus propios actos.

Cuando la corte resolvió la cuestión suscitada por la defensa en el sentido que dejamos expuesto, la defensa pidió la absolución de los acusados porque la prueba no era suficiente para demostrar que los acusados hubieran tomado parte en la pelea de gallos. La corte negó la petición, también con razón derecha a nuestro juicio, ya que basta examinar las declaraciones de los testigos del Fiscal para concluir sin esfuerzo alguno que la prueba aportada por la acusación fué suficiente.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.